IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES T. GREEN, | ) | CASE NO. 1:18 CV 56 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN DAVID GRAY, | ) | |
| | ) | **REPORT &** |
| Defendant. | ) | **RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of Charles T. Green for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Green is incarcerated by the State of Ohio at the Belmont Correctional Institution.[3] He pled guilty to two separate convictions on child pornography offenses.[4] The State has filed a motion to dismiss the matter as time-barred,[5] to which Green has responded with a traverse,[6] as well as an affidavit purporting to set forth new

[1] The matter was referred to me by a non-document order entered January 31, 2018.
[2] ECF No. 1.
[3] *See* ECF No. 11 at 2.
[4] *Id.*
[5] ECF No. 11.
[6] ECF No. 12.

evidence.[7] The State has responded to the affidavit.[8] Green also has filed a motion for release,[9] which the State opposes.[10]

For the reasons that follow, the State's motion to dismiss for untimeliness should be granted and Green's motion for release pending adjudication of his petition should be denied as moot.

## Analysis

### A. Standards of review

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[11] a person in custody under a judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

---

[7] ECF No. 13.
[8] ECF No. 14.
[9] ECF No. 8.
[10] ECF No. 9. Green has also filed a motion seeking to strike the State's opposition. ECF No. 10.
[11] Pub. L. No. 104-132, 110 Stat. 1214.

> the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[12]

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a "properly filed" application for state post-conviction relief or other collateral review. A state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing.[13] State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2).[14]

"The tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run."[15] Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar.[16]

---

[12] 28 U.S.C. § 2244(d)(1).

[13] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

[14] *See Allen v. Siebert*, 552 U.S. 3, 5-6 (2007) (per curiam); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003).

[15] *Vroman*, 346 F.3d at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

[16] *Id.*

Moreover, the AEDPA's statute of limitations is subject to equitable tolling,[17] "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control."[18] Equitable tolling is granted "sparingly."[19] A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing."[20] Although the Sixth Circuit previously used a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland v. Florida*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply.[21]

**B. Application of standards**

Here, Green is challenging two separate convictions from the same Ohio court. For purposes of federal habeas review, the one-year statute of limitations runs independently on each conviction.[22] This petition relates to the judgment entry for Ohio Case No. 11-CR- 436, which was entered on February 21, 2013, as well as Ohio Case No. 11-CR-371,

---

17 *See Holland v. Florida*, 560 U.S. 631, 646 (2010).

18 *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), *cert. denied*, 133 S. Ct. 187 (2012).

19 *Id.* (quoting *Robertson*, 624 F.3d at 784).

20 *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace*, 544 U.S. at 418.

21 *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling*, 424 F. App'x 439, 442 n.1 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 456 (2011)).

22 *Fears v. Warden*, No. 1:16-cv-805, 2017 WL 3987713, at *7 (S.D. Ohio Aug. 2, 2017) (collecting cases).

which judgment was entered on November 29, 2012. His conviction for the first matter became final on March 23, 2013, when time expired for seeking direct review of that conviction in Ohio courts. His second conviction became final on December 29, 2012.

The present habeas petition was placed into the prison mail system[23] on December 27, 2017. As such, the petition was filed more than three years after the one-year habeas limitations period expired on the latest of the two Ohio convictions.

***1. Statutory tolling***

The one-year limitations period for case number 11-CR-436 expired on March 24, 2014. The state court record shows that Green filed no "properly filed" applications for state post-conviction relief after that date, nor, as noted, did he timely file any appeals on direct review. In addition, none of Green's motions for jail-time credit filed in Ohio court may provide for statutory tolling because such motions do not qualify as petitions for post-conviction relief.[24]

Similarly, neither of Green's unsuccessful motions for delayed appeal – each of which was filed after the AEDPA limitations period had already expired – can qualify for statutory tolling. An unsuccessful delayed appeal filed after the expiration of the limitations period cannot revive the limitations period.[25]

---

[23] *Houston v. Lack*, 487 U.S. 266 (1988).
[24] *Fears*, 2017 WL 3987713, at **9-10.
[25] *Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003).

Moreover, his unsuccessful motion to withdraw his guilty plea filed in 2016 also does not provide Green with statutory tolling. Specifically, the one-year limitations period had expired nearly two years before this motion was filed.

Accordingly, Green's petition is untimely filed and he is not entitled to statutory tolling of the one-year habeas limitations period.

***2. Equitable tolling***

As reflected in the preceding procedural history, Green has not been diligent in pursuing his claims for habeas relief in either Ohio courts or in the federal court. He failed to timely file for direct review of his two convictions, and then waited for more than two years before initiating any further action in state court. In denying his motion for a delayed appeal, the state appeals court itself observed that Green was dilatory in pursuing appellate review and further failed to provide any sufficient explanation for his delay.[26] In addition, Green did not seek to appeal these decisions of the appellate courts to the Supreme Court of Ohio. The record is thus clear that Green has not been diligent in pursuing relief in the Ohio courts.

Further, Green has not shown that there were reasonable circumstances beyond his control that are responsible for his untimeliness in submitting his federal habeas petition. Indeed, a review of Green's traverse discloses that he mistakes a failure to comply with the

[26] ECF No. 11, Attachment 1 at 149-162.

federal one-year limitations period with procedural default,[27] and further argues that notwithstanding any untimeliness, "failure of the Court to consider the merits of the petitioner's claims, would result in a total fundamental miscarriage of justice."[28] The substance of the traverse itself is an argument on the merits that Green's arrest, interrogation, and plea deal were improper,[29] without any arguments directed to providing a basis for equitable tolling.

Regarding the sole contention in the traverse that this case involves a fundamental miscarriage of justice, the United States Supreme Court has held that the miscarriage of justice exception can permit a federal habeas court to consider claims otherwise barred by the limitations statute.[30] However, in so holding the Supreme Court emphasized that the miscarriage of justice exception, in matters related to the habeas time limitation, "applies to a severely confined category: cases in which new evidence shows that it is more reasonable than not that no reasonable juror would have convicted the petitioner."[31]

This "severe confinement" is especially true in matters, such as this one, where the petitioner pled guilty. In particular, all of Green's argument related to the purported

[27] ECF No. 12 at 3 ("Green's petition must not be dismissed as being untimely under the AEDPT [sic] statute of limitations, pursuant to an independent and adequate state procedural rule.")
[28] *Id.*
[29] *See id.* at 11.
[30] *McQuiggin v. Perkins*, 569 U.S. 383, 394 (2013).
[31] *Id.* at 395 (internal quotation and citation omitted).

deficiencies in his arrest warrant[32] or his interrogation[33] go to alleged legal insufficiencies in the prosecution, which is not the same as new reliable evidence of actual innocence that is required to establish a claim that a miscarriage of justice has occurred.[34] Moreover, Green's plea of guilty, and the factual admissions associated with it, "carry a strong presumption of verity."[35]

That said, the affidavit of Clifford Barnes submitted by Green contains a claim that Barnes was present with Green on the day at issue and further recounts a hearsay statement that another person believed the complainant here was a liar.[36] The Barnes affidavit also refers to a cell phone video of everyone at that time in the house "eating pizza" and otherwise apparently behaving normally.[37]

However, as the State points out, any such video existed at the time Green entered his plea, was known to exist by Green, and so cannot be new reliable evidence of actual innocence.[38] Further, this affidavit from Clifford Barnes, signed in 2018, also is not "new evidence," in that Barnes's claim to be present with Green on the day of the incident in question of itself shows that Green was well-aware of Barnes's existence as a potential witness at the time of his plea.[39]

---

[32] ECF No. 12 at 3-6.
[33] *Id.* at 7-10.
[34] *Bousely v. United States*, 523 U.S. 614, 623-24 (1998).
[35] *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).
[36] ECF No. 13 at 1.
[37] *Id.*
[38] ECF No. 14 at 2.
[39] *Id.* at 4.

Finally, as the Supreme Court stated in *McQuiggin*, an extended, unexplained delay in presenting asserted new evidence of innocence is a factor to be considered in determining the credibility of that evidence.[40] Green has not attempted to explain this significant delay in presenting the Barnes affidavit. Moreover, even if the delay could be explained, Barnes's affidavit is of no evidentiary value in overcoming Green's guilty plea. The affidavit merely places Barnes in the home on the day of the events and relates some innocuous details, but does not claim that Green is innocent of the acts to which he pled guilty and which are recorded on Green's cellphone.[41]

In short, Green has not established that his case is one of a miscarriage of justice such that he can now escape dismissal for untimeliness and obtain a review of his claims on their merits.

## Conclusion

In sum, for the reasons stated, the *pro se* petition of Charles T. Green for a writ of habeas corpus is untimely filed and he has not presented any basis to excuse that untimeliness by statutory or equitable tolling, nor has he shown that this case involves a miscarriage of justice. Accordingly, the State's motion to dismiss this petition with prejudice should be granted.[42] Further, if this recommendation is accepted, Green's motion to be released pending adjudication of his petition for habeas relief[43] should be denied as moot.

---

[40] *McQuiggin*, 569 U.S. at 399.
[41] *See* ECF No. 11, Attachment 1 at 6-7.
[42] ECF No. 11.
[43] ECF No. 8.

Dated: September 28, 2018

s/ William H. Baughman, Jr.
United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[44]

---

[44] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).