UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                                :
CHARLES GREEN,                                  :        CASE NO. 1:18-CV-56
                                                :
                Petitioner,                     :
                                                :
        vs.                                     :        OPINION & ORDER
                                                :        [Resolving Docs. 1, 8, 10]
WARDEN DAVID GRAY,                              :
                                                :
                Respondent.                     :
                                                :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        In late 2012 and early 2013, Petitioner Charles Green plead guilty to a variety of child sex

offenses.  Proceeding *pro se*, on January 8, 2018, he petitioned the Court to vacate his sentence

under 28 U.S.C. § 2254.[1]  The State filed a motion to dismiss,[2] to which Green responded with a

traverse[3] and supporting affidavits.[4]  Petitioner also moved under Federal Rule of Appellate

Procedure 23(c) for release,[5] which the government opposed.[6]  Green moved to strike the

government's opposition.[7]  Magistrate Judge William H. Baughman Jr. recommends denying his

petition,[8] and Green objects.[9]

        For the following reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS**

Magistrate Judge Baughman's Report and Recommendation, and **DENIES** the Petition.  The Court

also **DENIES** Petitioner's motions for release under Rule 23 and to strike the government's

opposition to his Rule 23 motion.

---

[1] Doc. 1.
[2] Doc. 11.
[3] Doc. 12.
[4] Doc. 13.
[5] Doc. 8.
[6] Doc. 9.
[7] Doc. 10.
[8] Doc. 15.
[9] Doc. 18.

## I. Background

On August 27, 2011, Laura Dubach called the Ashtabula Police Department to report that petitioner molested her six-year-old daughter. An officer subsequently met with Dubach, who showed him two cell phones videos depicting the alleged abuse.[10]

The officer then contacted Petitioner; they mutually agreed to meet at the Ashtabula Police Department for questioning. At this August 31, 2011 interview, Petitioner admitted that he sexually abused Daubach's daughter. At this same interview, Petitioner also told a Conneaut City Police Department detective that he possessed child pornography on his home computers.

On the basis of this interview, the detective sought and obtained a warrant to search Green's house. This search uncovered photographs depicting minors in various states of nudity.

Petitioner was indicted in two separate criminal cases. On October 26, 2011, in case 2011-cr-436, an Ashtabula County grand jury indicted Petitioner on six counts of gross sexual imposition in violation of O.R.C. 2907.05(a)(4).[11] After an initial not guilty plea, Petitioner reached a plea agreement in for an *Alford*[12] plea to two counts of the indictment; the government dismissed the remaining charges.[13] On February 21, 2013, the court imposed a thirty-six-month prison sentence for each count, to run consecutively with the sentence imposed in his other criminal case.[14]

On November 9, 2011, in case 2011-cr-371, an Ashtabula County grand jury indicted Petitioner on three counts of pandering sexually oriented matter involving a minor in violation of O.R.C. 2907.322(A)(5) and one count of illegal use of a minor in nudity oriented material, in violation of O.R.C. 2907.323(A)(1).[15] On October 2, 2012, Petitioner also entered an *Alford* plea to these charges after reaching an agreement with the government to dismiss one of the pandering

---

[10] Doc. 11-1 at 6.
[11] Doc. 1-1 at 4.
[12] An *Alford* plea is a one in which the Defendant maintains their innocence in spite of the guilty plea. This plea waives the right to trial but does not constitute an admission of guilt. *See North Carolina v. Alford*, 400 U.S. 25 (1970).
[13] *Id.* at 13.
[14] *Id.* at 16.
[15] *Id.* at 22.

counts and to reduce the illegal use charge to one count of attempted illegal use of a minor.[16]  On

November 29, 2012, the court sentenced Petitioner to one year of imprisonment for each

pandering count consecutive to a twenty-four month sentence on the attempted illegal use of a

minor count.[17]

Petitioner did not immediately pursue a direct appeal in either of these cases.

On May 1, 2015, Green petitioned in the Belmont County Ohio Seventh District Court of

Appeals for a writ of habeas corpus, alleging that the trial court lacked jurisdiction over his felony

conviction and sentence.[18]  The government filed a motion to dismiss.[19]  The court granted the

motion and dismissed Green's petition on September 25, 2015.[20]

On November 24, 2015, Green filed a notice of appeal with the Ohio Eleventh District

Court of Appeals, challenging his conviction in case 2011-cr-371.[21]  Petitioner moved the court for

leave to file a delayed appeal,[22] which the state opposed.[23]  On March 14, 2016, the state appellate

court denied his motion for leave to file a delayed appeal.[24]

On March 7, 2016, Green filed a *pro se* motion in the Ashtabula Court of Common Pleas to

withdraw his guilty pleas in both of his criminal cases.[25]  In the motion, he argued that his trial

attorney had been ineffective because he had misinformed Green regarding the length of the

stipulated sentences in his plea agreement and because the attorney had failed to object when the

trial court relied on misinformation regarding Greene's criminal history.[26]  The court denied this

---

[16] *Id.* at 30.
[17] *Id.* at 32.
[18] *Id.* at 37.  The petition attached the sentencing order from the second criminal case, 2011-cr-371, but did not include commitment papers from his other conviction.
[19] *Id.* at 89.
[20] *Id.* at 116.
[21] *Id.* at 127.
[22] *Id.* at 143.
[23] *Id.* at 145.
[24] *Id.* at 149.  Petitioner Green moved the court to reconsider this decision; the motion was denied.  *Id.* at 154.
[25] *Id.* at 163.
[26] *Id.* at 167.

motion on the basis of res judicata, finding that Green could have raised these arguments on direct appeal.[27]

Aside from these attempts to set aside his conviction, Petitioner has also filed motions for jail time credit on three occasions. On January 17, 2014, Green filed a *pro se* motion for a sentence reduction in the Ashtabula County Court of Common Pleas alleging that he was not credited for jail time to which he was entitled.[28] On March 25, 2015, the court denied this motion.[29] Green moved again in the same court on January 27, 2017 for the same relief,[30] and this motion was also denied.[31] Finally, Green moved the Ashtabula Court of Common Pleas for jail-time credit a third time on May 15, 2017.[32] This motion was also denied.[33]

Plaintiff filed his federal habeas petition in this court on January 8, 2018.

## II. Discussion

Green's petition is somewhat diffuse. The Court understands that Green asserts the following grounds for relief. First, Green alleges that the trial court which sentenced him was without jurisdiction to act in criminal felony cases.[34] Second, Green argues that because he "was charged and tried twice for the same offense," his conviction represents a Double Jeopardy violation.[35] Third, Green argues that he received ineffective assistance from his trial counsel, David Purdue, because Purdue failed to appeal his conviction as requested and also failed to withdraw Green's guilty plea when the trial court denied a request to admit an allegedly exculpatory video. Fourth, Green argues that he was denied a transcript of his criminal proceedings. Finally, Green

---

[27] *Id.* at 218. The court found, in the alternative, that Petitioner's arguments were meritless.
[28] *Id.* at 224.
[29] *Id.* at 244.
[30] *Id.* at 246.
[31] *Id.* at 249.
[32] *Id.* at 252.
[33] *Id.* at 262.
[34] Doc. 1 at 98.
[35] *Id.*

argues that he was not given a full ninety-three days of jail-time credit for the time he served in jail

prior to his incarceration.

### A. Petitioner's Claims are Time-Barred

The government argues that all of Green's claims are time-barred.  Under 28

U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), a person in custody under a state court judgment must file an application for a writ of

habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Under § 2244(d)(1)(A), the one-year statute of limitations for Green's first conviction expired on

December 29, 2013 and the second expired on March 23, 2014.[36]  Because Green placed the

instant petition in the prison mail system on December 27, 2017, his claims are untimely by several

years.

### B. Petitioner has not shown actual innocence

Green contends that he is entitled to an exception from this one-year statute of limitations

because he has presented evidence of actual innocence.  Actual innocence, if proven, may serve as

a "gateway" through which a federal habeas petitioner may overcome the AEDPA statute of

---

[36] His conviction in case 11-cr-371 became final on December 2012, and his conviction in case 11-cr-436 became final on March 23, 2013.

limitations.[37]  However, a petitioner invoking this exception must meet a demanding standard: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."[38]  While a petitioner seeking to invoke this exception does not need to demonstrate due diligence in presenting exculpatory evidence, delay in presenting the purportedly exculpatory evidence is a factor bearing on the reliability of the evidence presented.[39]

Petitioner submits affidavits from himself and from a man named Clifford Barnes.  In the first affidavit, Green states that there is a phone video recording made by Daubach showing him on the night of the alleged molestation.  The video allegedly shows "2 year old girl sitting on my lap eating a slice of pizza while I was holding her plate on her lap.  Video shows 6 year old girl on couch to my left.  I was scratching her back with a wooden spoon while she ate pizza."[40]  The affidavit also contains various statements contesting the factual circumstances of his arrest and conviction, none of which bear on his actual innocence.

The latter affidavit states that Barnes was present on the evening of the alleged molestation and has a cell phone pictures "of everyone that was out the house eating pizza while younger daughter . . . was sittin on Mr. Charles T. Green's knee ans [sic] she was eating pizza as well."[41]  The Barnes affidavit also states that Daubach's brother had said that she was a liar.

The Court finds that the assertions in the new affidavits do not show actual innocence.  The statements about the contents of the cell phone videos are hearsay, as is the statement regarding Daubach's truthfulness.  Because Plaintiffs have presented these hearsay descriptions of these pictures and videos, not the material itself, the Court gives these statements little credence.  Even if the reports about these videos *were* reliable, the material described would not, standing alone,

---

[37] *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).
[38] *Id.* (quoting *Shlup v. Delo*, 569 U.S. 383, 329 (1995) (alteration in original)).
[39] *Id.* at 386-7.
[40] Doc. 12-1.  Presumably, this was the cell phone video Daubach showed to the Ashtabula Police.
[41] Doc. 13.

prevent a reasonable juror from finding that Daubach was guilty beyond a reasonable doubt. A

reasonable juror could conclude that the alleged molestation occurred off-camera, or rely upon

Green's confession to police officers. Further, Green's delay in presenting this evidence also

weighs against a finding that Petitioner has demonstrated actual innocence. If Barnes was present

on the night of the molestation, Petitioner could have come forward with the evidence at any time

since his guilty plea and conviction.

Because Petitioner is not entitled to the actual innocence exception, the Court finds that his

habeas claims are time-barred.

### C. Plaintiff is not Eligible for Release Under Rule 23(c)

Petitioner has also moved under Federal Rule of Appellate Procedure 23(c) for release from

custody pending review of his petition.[42]  However, this provision applies when "a decision

ordering the release of a prisoner is under review" by an appeals court. Because the rule does not

apply, this motion is denied. Finally, Petitioner moves to strike the government's opposition to his

Rule 23 motion.  Because this motion does not provide any legal ground to strike the

Government's opposition, it is also denied.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Green's petition for a writ of habeas corpus.

The Court also **DENIES** his motion for Release under Rule 23 and **DENIES** his motion to strike the

government's opposition to that motion.

IT IS SO ORDERED

Dated:  November 7, 2018                         _s/         James S. Gwin_
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

[42] Doc. 8.  Petitioner requests release under "Rule 23 of the Federal Rules of Civil Procedure (c)," which governs class actions.  As the government helpfully points out, Petitioner likely means Federal Rule of Appellate Procedure 23(c).